Okey, J.
I concur in the judgment of ouster, but find it necessary to state separately the ground upon which I concur. The case involves the constitutionality of the act of April 9, 1884 (81 Ohio L. 121), so far as the same relates to “ cities having a population of twenty thousand and not ex-, ceeding thirty-five thousand five hundred, by the last federal census, and that have not been advanced to a city of the second grade, second class.” The relator insists that the act, so far as it applies'to the cities above described, is invalid upon two grounds, first, that it violates the fifth article of the constitution, which relates to the elective franchise; and, secondly, that it violates the first section of the thirteenth article of the constitution, which provides, that “the general assembly shall pass no special act conferring corporate powers.” These questions were very fully and ably argued orally and on briefs, and after the briefs were read and authorities cited were examined, nothing remained to be done but for each judge to express his opinion. The court was unanimous in holding there should be judgment of ouster. I do not dissent from the view expressed in the opinion of Mcllvaine, J., but I prefer to withhold the expression of an opinion upon that question until such opinion becomes necessary. I think the case will be properly decided when a correct answer is given to the question, whether the act, so far as its validity is involved in this case, is in conflict with the *444 provision of the constitution inhibiting the granting of corporate powers by special act.
Not only is the fact found in the record that the words above quoted from the act apply to the city of Springfield alone, but without such finding this court would take judicial notice that the words never did and never can apply to any other municipal corporation than Springfield; and, consequently, the act, to that extent, is local and special. State v. Covington, 29 Ohio St. 102; McGill v. State, 34 Ohio St. 228, 258, 270; State v. Brewster, 39 Ohio St. 653; Devine v. Com. of Cook Co., 84 Ill. 590. And as the act assumes to confer upon the city of Springfield power to hold an election of its electors for public officers for the corporation, and exercise other important functions, it is too clear for argument that the act, in form, confers corporate power. State v. Mitchell, 31 Ohio St. 529. And the act being invalid, for the reason stated, so far as it authorizes the city of Springfield to hold a corporate election, and it being neither reasonable nor probable that the legislature would have made provisions with respect to Springfield, unless the whole act could have effect with respect to that city, it follows that the whole act is void, so far as Springfield is concerned. State v. Sinks, ante, 345. So far from State v. Covington, supra, being opposed to this view, it will be found, on careful examination, that it strongly supports it. There the officers were not elected ; they were appointed ; and of course the appointment by the governor of officers for Cincinnati was an act done in pursuance of authority conferred upon him. In fact, no corporate power was conferred upon the city with respect to the selection of those officers; and as the legality of their appointment was the only question involved, it was properly held in that case that art. 13, sect. 1, could not be successfully invoked to defeat their title, however clearly such constitutional provision might, in some other action or proceeding, be fatal to other parts of the act. The same remarks are applicable to State v. Baughman, 38 Ohio St. 455. Believing the position I have assumed to be impregnable, I am content to rely upon it.